1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  JAMES EARL HAMPTON,              ) NO. CV 11-5527-RSWL (MAN)
                                     )
12                  Petitioner,      )
                                     )
13       v.                          ) ORDER DISMISSING PETITION
                                     ) AS SECOND OR SUCCESSIVE
14  TIM VIRGA (WARDEN),              ) AND DENYING A CERTIFICATE
                                     ) OF APPEALABILITY
15                  Respondent.      )
    _____)
16

17       Petitioner, a California state prisoner, filed a habeas petition,

18  pursuant to 28 U.S.C. § 2254, on July 5, 2011 ("Petition").   The

19  Petition is the sixth habeas corpus petition Petitioner has filed in

20  this Court stemming from his 1998 state court conviction and sentence.

21

22       Under the Rules Governing Section 2254 Cases in the United States

23  District Courts, a habeas petition filed by a prisoner in state custody

24  "must" be summarily dismissed "[i]f it plainly appears from the petition

25  and any attached exhibits that the petitioner is not entitled to relief

26  in the district court. . . ." Rule 4, 28 U.S.C. foll. § 2254.  For the

27  reasons set forth below, the Petition must be, and is, DISMISSED as

28  second or successive, pursuant to 28 U.S.C. § 2244(b).

**BACKGROUND**

On December 1, 2000, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody (Under 28 U.S.C. § 2254)" in Case No. CV 00-12667-RSWL (MAN) (the "First Action"). The petition filed in the First Action raised two claims for relief, alleging that the prosecution failed to disclose exculpatory DNA evidence and committed misconduct by failing to timely respond to a motion. (*See* petition in First Action at 6.) The First Action was resolved on the merits, and habeas relief was denied by Judgment entered on September 6, 2002. The United States Court of Appeals for the Ninth Circuit subsequently denied Petitioner's request for a certificate of appealability.[1]

While the First Action was pending, Petitioner filed a separate habeas petition on January 22, 2001, in Case No. CV 01-635-RSWL (MAN) (the "Second Action"). In the Second Action, Petitioner raised claims based on asserted evidentiary and instructional errors, as well as a claim that his sentence was unauthorized under California law. (*See* petition filed in Second Action at 6-7.) On February 23, 2001, the Court dismissed the Second Action, without prejudice, on the basis that the action might run afoul of the second or successive petition prohibition set forth in 28 U.S.C. § 2244. The Court expressly directed Petitioner to seek leave in the First Action to file an amended habeas petition adding his additional claims, so that all of his claims would

---

[1]    Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of its records and files, as well as the Ninth Circuit dockets available electronically through the PACER system.

be considered in that pending action.  Petitioner failed to do so.

On March 12, 2002, over a year later, Petitioner filed another habeas petition in Case No. CV 02-2075-RSWL (MAN) (the "Third Action"). In the Third Action, Petitioner raised three of the four grounds for relief alleged in the Second Action.  (*See* petition filed in Third Action at 6-7.)  On April 1, 2002, the Court dismissed the Third Action, without prejudice, on the basis that the action might run afoul of the second or successive petition prohibition of Section 2244.  The Court again expressly and clearly directed Petitioner to seek leave in the First Action to file an amended habeas petition adding these claims, so that all of his claims would be considered in that pending action. Petitioner again failed to do so.

Instead, Petitioner waited a year and a half, until after the First Action was concluded, and then filed an application in the Ninth Circuit seeking leave to file a second or successive petition.  That application was denied on July 28, 2003 (Case No. 03-72286).  Petitioner waited another year and then filed a second application in the Ninth Circuit for leave to file a second or successive petition, which was denied on September 27, 2004 (Case No. 04-73765).

Over eight months passed.  On June 23, 2005, Petitioner filed a fourth habeas petition in this Court in Case No. CV 05-4568-RSWL (MAN) (the "Fourth Action").  In the Fourth Action, Petitioner raised the same four claims alleged in the dismissed Second Action (three of which were again raised in the dismissed Third Action).  (*See* petition filed in Fourth Action at 5-6.)  On August 11, 2005, the Court dismissed the

Fourth Action, without prejudice, on the basis that it was second or successive.

On October 17, 2005, Petitioner filed a third application in the Ninth Circuit seeking leave to file a second or successive petition, which was denied on January 27, 2006 (Case No. 05-75987). On April 4, 2006, Petitioner filed a fourth application in the Ninth Circuit for leave to file a second or successive petition, which was denied on June 14, 2006 (Case No. 06-71700).

On November 20, 2006, Petitioner filed a fifth habeas petition in this Court in Case No. CV 06-7419-RSWL (MAN) (the "Fifth Action"). In the Fifth Action, Petitioner raised three of the same claims alleged in the dismissed Second Action. (*See* petition filed in Fifth Action at 5-6.) On December 12, 2006, the Court dismissed the Fifth Action, without prejudice, on the basis that it was second or successive. On April 4, 2007, Petitioner submitted a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which this Court denied on April 27, 2007.

On September 5, 2007, Petitioner filed a fifth application in the Ninth Circuit for leave to file a second or successive petition. The Ninth Circuit denied the application on November 21, 2007 (Case No. 07-73585).

Over three years passed. On February 9, 2011, Petitioner filed a sixth application in the Ninth Circuit for leave to file a second or successive petition, in which he raised the same claims that are alleged

4

in the instant Petition.  On April 21, 2011, the Ninth Circuit denied the application (Case No. 11-70428).

**DISCUSSION**

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions discussed *infra*, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition).  "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition.  McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

In those instances when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must first obtain authorization from the Ninth Circuit before filing any such second or successive petition.  28 U.S.C. § 2244(b)(3).  The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)."  Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 796 (2007).

In the First Action, Petitioner sought Section 2254 relief based on the same 1998 conviction challenged here, and his habeas claims

attacking his conviction were resolved adversely to him on their merits. Accordingly, the current Petition is second or successive within the meaning of Section 2244(b).[2]

As Petitioner has not obtained permission from the Ninth Circuit to bring a second or successive petition -- indeed, the Ninth Circuit has denied him leave to do so repeatedly, including specifically with respect to Petitioner's presently-raised claims -- this Court lacks jurisdiction to consider the instant Petition. 28 U.S.C. § 2244(b); *see also* <u>Burton</u>, 549 U.S. at 157, 127 S. Ct. at 799 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court). Accordingly, IT IS ORDERED that: the Petition is DISMISSED; and Judgment shall be entered dismissing this action without prejudice.

///
///
///
///
///
///
///
///
///
///
///
///

---

[2]   The instant Petition also appears to be substantially untimely.

6

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.


IT IS SO ORDERED.


DATED: July 28, 2011



RONALD S.W. LEW
_____
RONALD S.W. LEW
SENIOR UNITED STATES DISTRICT JUDGE


PRESENTED BY:


*Margaret A. Nagle*
_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE